**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 24-CV-2502-SMY** |
| | ) | |
| **ONE GLOCK 48, 9mm PISTOL bearing** | ) | |
| **serial number BLWA185,** | ) | |
| | ) | |
| **Defendant.** | | |

## MEMORANDUM AND ORDER

Before the Court is the Government's motion to strike claim, (Doc. 6).  The United States filed a civil forfeiture complaint against a Glock 48, 9mm pistol on November 18, 2024 (Doc. 1). On January 21, 2025, it mailed notice to potential claimants, including Nevaeh Misbauer, advising that claims were due by March 8, 2025 (Doc. 4).  Misbauer filed a claim on January 30, 2025 (Doc. 5), but as of today, has not filed the required answer under Rule G (5).

The procedural requirements in civil forfeiture actions are governed by the Civil Asset Forfeiture Reform Act and the Supplemental Rules for Certain Admiralty and Maritime Claims (the "Supplemental Rules").  Relevant here, potential claimants have 35 days after the Government files a notice of forfeiture to submit a claim for assets, unless the notice states otherwise or the court has good cause to set a different time.  Supp. Rule G(4)(b)(ii)(B), 5(a)(ii)(A).  A claimant must "serve and file an answer to the complaint . . . within 21 days after filing the claim."  *Id*. at 5(b).  Here, Misbauer was obviously aware of the pending forfeiture as he filed a timely objection. The Government also provided notice requesting that he file an answer (Doc. 6-1), which he failed to do as required under Rule G (5).

Accordingly, the Government's motion to strike claim (Doc. 6) is **GRANTED**.  The Clerk

of Court is **DIRECTED** to strike the claim from the record (Doc. 5).

**IT IS SO ORDERED.**

**DATED:  June 16, 2025**

**STACI M. YANDLE**
**United States District Judge**